```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
             03-CR-340(03)(JMR/FLN)
                 07-CV-871(JMR)
```

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Miguel Angel Vargas ) | |

Petitioner, Miguel Angel Vargas, seeks relief under 28 U.S.C. § 2255.  His petition is denied.

I. <u>Background</u>

Petitioner was indicted on two counts of drug trafficking on October 15, 2003.  On February 20, 2004, he pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).  In exchange for his guilty plea, the government agreed to dismiss the second count of aiding and abetting the distribution of more than 50 grams of methamphetamine, a further violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).

Under the plea agreement, petitioner was to be sentenced in accordance with the Federal Sentencing Guidelines.  The parties stipulated to a base offense level of 28, and an anticipated guideline range of 46 to 57 months.  Petitioner acknowledged these stipulations did not bind the Court, and agreed that the Court

would make its own determinations as to the Guideline factors.  At the plea hearing, petitioner acknowledged, under oath, the rights he was giving up by pleading guilty.

The United States Probation Office subsequently prepared a Presentence Investigation Report ("PSR").  The PSR attributed a larger quantity of drugs to petitioner than had been anticipated in the plea agreement, based on a drug purity analysis completed after the guilty plea.  The probation officer found petitioner responsible for 104.67 grams of <u>actual</u> methamphetamine, which bore a higher aggravating-factor score than the 219.14 grams of a mixture or substance containing methamphetamine as contemplated in the plea agreement.  As a result, the probation officer found petitioner's base offense level to be 32, 4 levels higher than that in the plea agreement, and a Guideline range of 70 to 87 months.  Petitioner's counsel filed a written objection to the probation officer's guideline determinations, and maintained the objection in his sentencing position pleading.

Petitioner was sentenced on June 3, 2004.  He did not object to the accuracy of the purity analysis or the fact that the Guidelines assigned a base offense level of 32 to 104.67 grams of actual methamphetamine at the sentencing hearing.  His attorney argued that petitioner should be permitted to withdraw his guilty plea based on the discrepancy.  The government did not object, and the Court granted counsel's request.  Petitioner chose, however,

not to withdraw his plea. Thereafter, he was sentenced to 70 months, the bottom of the Guideline range.

On direct appeal, petitioner challenged his sentence, arguing his Sixth Amendment right to a jury trial was violated under Blakely v. Washington, 524 U.S. 296 (2004), when the Court made its factual finding as to the drug weight. On January 3, 2006, the Eighth Circuit Court of Appeals affirmed the sentence, finding that, although petitioner's right to a jury trial was violated by the Court's factual finding, a bottom-of-the-range sentence was insufficient to make the showing of prejudice necessary to overturn the sentence. United States v. Vargas, 421 F.3d 681, 683 (8th Cir. 2005).

Petitioner now seeks relief from his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel and error by the Court. Specifically, he claims his attorney (1) made him withdraw from the plea agreement; (2) failed to obtain a downward departure based on his alien status; (3) failed to argue for a sentence reduction based on his mitigating role in the offense; (4) failed to obtain a three-year sentencing cap in the plea agreement; (5) failed to argue for a sentence based on a lower drug quantity; and (6) failed to advise him of the potential consequences of entering into a plea agreement.

Petitioner further denounces the actions of this Court,

3

claiming it erred in sentencing him according to the higher drug quantity contained in the PSR, and failing to award him a minor role in the offense. His petition fails on all counts.

II. Discussion

Petitioner seeks relief under 28 U.S.C. § 2255, "the statutory analogue of habeas corpus for persons in federal custody." Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir. 1987). This statute offers a remedy to "a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). It is not a substitute for direct appeal. Thus, claims that could have been raised on direct appeal are procedurally barred in a § 2255 motion. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000). To avoid this procedural default, a petitioner must "show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." Matthews v. United States, 114 F.3d 113, 113 (8th Cir. 1997).

Here, every one of petitioner's claims could have been - but were not - raised on direct appeal. There is no assertion that his claims are premised on newly discovered facts or any recent change in the law. Under these circumstances, the Court finds petitioner has wholly failed to demonstrate any cause for his failure to raise these claims on direct appeal. Furthermore, the Court finds

petitioner failed to show actual prejudice, as each of his claims are without merit. Accordingly, the Court finds petitioner's claims procedurally barred.

    A.  <u>Ineffective Representation</u>

Even assuming petitioner's claims are not procedurally barred, the Court finds the claims still fail on their merits. Claims of ineffective assistance of counsel are analyzed under the two-part test announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In order to prevail, a petitioner must show: (1) "that counsel's representation fell below an objective standard of reasonableness," <u>id.</u> at 688; and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. There is a strong presumption that counsel's challenged actions or omissions were, under the circumstances, sound. <u>Id.</u> at 689.

Petitioner has failed to show a single instance of ineffective representation. He first claims his attorney made him withdraw from the plea agreement. The record entirely belies this claim; petitioner never withdrew his guilty plea. While his attorney's argument gave petitioner the opportunity to withdraw his plea, petitioner himself opted against doing so.

Petitioner next claims counsel was ineffective for failing to obtain a downward departure based on petitioner's Mexican citizenship. While in some exceptional circumstances a Court may

5

consider alien status as a basis for departure, see United States v. Lopez-Salas, 266 F.3d 842, 847-49 (8th Cir. 2001), petitioner offers no evidence showing his case was unusual, or that, had counsel made such an argument, the Court would have imposed a lower sentence. There is simply no objective evidence showing counsel's performance was unreasonable or that petitioner suffered any prejudice. Accordingly, petitioner's claim fails.

Petitioner next argues his counsel was ineffective in failing to seek a reduced sentence premised on his minor role in the offense. The Court finds this argument fails for want of any factual support. A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, application note 5. A role reduction may be appropriate when a participant's conduct was less culpable both in relation to the culpability of other participants as well as in relation to the elements of the offense. United States v. Snoddy, 139 F.3d 1224, 1227-28 (8th Cir. 1998).

Unfortunately for petitioner, this definition cannot be applied to him. Petitioner was the source of high purity methamphetamine. He stood at the top of the chain of distribution selling controlled substances to co-defendant Steven Burdick, who sold them to co-defendant Robert Bell, who in turn delivered the drugs to an undercover agent. On these facts, the Court could never find petitioner played a minor role in the offense. Counsel

6

cannot be faulted for failing to make a losing argument. Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994). If counsel had advanced this argument, it would have died aborning.

The same is true of petitioner's claim that his counsel was ineffective for failing to secure a three-year sentencing cap in the plea agreement. The crime of conviction carries a five-year mandatory minimum. See 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). It would have been futile for counsel to try to obtain a three-year sentencing cap on a crime that requires a five-year minimum. Furthermore, even had the parties stipulated to a three-year recommended sentence based on application of the safety valve, see U.S.S.G. § 5C1.2, it is the Court, not the parties, who determines whether the safety valve applies and what sentence will be imposed. Thus, petitioner's claim fails for lack of prejudice.

In the face of overwhelming evidence to the contrary, petitioner claims his counsel failed to argue for a sentence based on the lower drug quantity contemplated in the plea agreement rather than that contained in the PSR. This claim fails because it is untrue.

Counsel timely objected, both in writing and orally, to the PSR's heightened drug quantity calculation. The argument at sentencing, asking if petitioner could withdraw from the plea agreement, was premised on the drug quantity discrepancy. Petitioner's counsel raised the issue on appeal to the Eighth

7

Circuit.  Petitioner is false in asserting his counsel acted unreasonably in this regard, because counsel made every effort reasonable to achieve a lower sentence for petitioner based on the discrepancy between the plea agreement and the PSR.  Further, there is no prejudice as a result of counsel's actions.  Counsel argued for a reduced sentence based on the drug quantity contemplated in the plea agreement, and this Court still sentenced in accordance with the Sentencing Guidelines.  The Eighth Circuit affirmed petitioner's sentence after addressing this very issue.  Accordingly, petitioner's claim fails.

Petitioner finally claims counsel failed to explain the consequences of a guilty plea, including that he could receive a higher sentence than that anticipated in the plea agreement.  This argument is without substance.  Petitioner read and signed his plea agreement; it gave explicit notice that his crime carried a five-year minimum and forty-year maximum sentence.  Beyond this, it explained that the application of the Sentencing Guidelines was a matter solely within the Court's discretion.  Moreover, regardless of any representations made by counsel, the Court told petitioner all of the rights and consequences of his guilty plea during the plea hearing, thus ensuring that petitioner's plea was made knowingly and voluntarily.  The Court finds petitioner was aware of the consequences of his plea.  His actual knowledge of these facts belies his claim of ineffective assistance.

The Court finds petitioner was ably represented and suffered no prejudice from counsel's acts or omissions. For the reasons stated above, petitioner has failed to show any objective evidence of ineffective assistance of counsel.

B.  <u>Challenges to the Court's Sentence</u>

Petitioner's collateral challenges to the Court's sentence are without merit. He claims the Court erred in sentencing him in accordance with a drug quantity not charged in the Indictment. Petitioner confuses the charge in the Indictment with the Sentencing Guidelines base offense level anticipated in the plea agreement. The indicted charge under 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(B) carries a statutory sentence of 5 to 20 years. Petitioner's sentence of 70 months imprisonment, just shy of 6 years, certainly falls within that range.

The Court assumes, then, that petitioner means there was a discrepancy between drug quantity anticipated in the plea agreement, and that set forth in the PSR and adopted by this Court. As explained above, the PSR's drug quantity compelled a higher sentence than that contemplated in the plea agreement. The flaw in petitioner's argument lies in the fact that the Court found the PSR's drug quantity was the proper calculation, compelling the higher sentence. <u>See</u> U.S.S.G. § 6B1.4(d); <u>United States v. Sandles</u>, 80 F.3d 1145, 1148 (7th Cir. 1996). As was clear in the plea agreement, and in the Court's advisory at the plea, it is the

9

Court which has the authority to determine the applicable Sentencing Guidelines, notwithstanding the parties stipulation. <u>See</u> commentary to U.S.S.G. § 6B1.4(d). It is clear that the Court may accept "as true facts contained in the PSR to which no specific objection is made." <u>United States v. May</u>, 413 F.3d 841, 849 (8th Cir. 2005). Petitioner did not object to the accuracy of the drug purity findings set forth in the PSR, only to their use in calculating the applicable guidelines. The Court, therefore, had full discretion to adopt those findings of fact. Most importantly, the Eighth Circuit, knowing all of the facts and circumstances petitioner complains of, affirmed this Court's sentence even in the wake of <u>United States v. Booker</u>, 543 U.S. 220 (2005). The Court finds it did not err in sentencing petitioner to 70 months imprisonment.

Petitioner again proffers his claim for a lower sentence based on his playing a minor role in the offense. <u>See</u> U.S.S.G. § 3B1.1. His claim is still false; petitioner was not a minor participant and was not entitled to a sentence reduction based on his role.

Ultimately, petitioner had his chance to appeal his sentence to the Eighth Circuit and he lost. Petitioner's collateral challenges to this Court's sentence are therefore without merit.

III. <u>Certificate of Appealability</u>

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). <u>See</u> <u>Tiedeman v.</u>

Benson, 122 F.3d 518 (8th Cir. 1997).  The Court concludes that no issue raised is "debatable among reasonable jurists."  Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)).  Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA.  28 U.S.C. § 2253(c)(2).

IV.  Conclusion

Accordingly, based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED that:

1.  Petitioner's motion for relief pursuant to § 2255 [Docket No. 121] is denied.

2.  No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 30th, 2007

                                       s/ James M. Rosenbaum
                                       JAMES M. ROSENBAUM
                                       United States Chief District Judge